KINARD v. BAIRD.

1. A. purchased from O. a land warrant and gave bond with sureties for the purchase-money, and then he confessed judgment to O. on the bond. Afterwards he assigned the warrant to B., who, finding it worthless, demanded and received from O. the amount of the original purchase-money. *Held*, that the judgment was a good and valid lien against A. for the use and benefit of O.

2. A surety on such bond having paid a part thereof in ignorance of any defense thereto and before the repayment to B., was, without actual assignment of the judgment, subrogated to the extent of such payment to all the rights of O.

3. The right of action by the surety to recover the amount paid would be barred by the statutory limitation, but he would still retain his right of subrogation to the security of the judgment under which his payment was made.

4. The act of 1849 (11 *Stat.* 556; *Gen. Stat.*, ₰ 2180,) covers a case where a surety pays money on a judgment which is entered against the principal only.

5. A judgment is presumed to be paid after a lapse of twenty years, but this presumption is not irrebuttable.

Before PRESSLEY, J., Newberry, February, 1882.

The opinion states the case. The action was commenced July 6th, 1880.

*Mr. George S. Mower*, for appellant.

If defendant received pay from Jones, and Jones was repaid by Lake, the bond would not be void. If it had been, this would not avail defendant. *Cheves* 15. Upon payment by a surety, he becomes, by operation of law, entitled to the benefit of a judgment against the principal. Actual assignment is not necessary. 11 *Stat.* 556; 2 *Rawle* 128; 3 *Myl. & K.* 183; 1 *McCord Ch.* 116, 443; 2 *Id.* 455; 1 *Hill Ch.* 250; *Spears Eq.* 543; 3 *Strobh. Eq.* 149; 5 *Rich. Eq.* 473; 7 *Id.* 112; 11 *Id.* 150. Lake was no longer ordinary when he satisfied the judgment, and it had been previously paid by the sureties, nor could a payment to Lake relieve Baird of his liability to re-imburse his surety. *Cheves* 15. The plea of the statute of limitations cannot avail the defendant. The presumption of payment from lapse of time was not considered by the Circuit judge; if he erred, a new trial should be had, when the circumstances may be shown. But the payment by Baird, of February 8th, 1869, while ineffectual to discharge his liability, was an admission of indebtedness at that date.

*Messrs. Jones & Jones*, contra.

Plaintiff's claim was by simple contract, and therefore barred in four years; not having taken an assignment of the bond or judgment, he is not subrogated to the rights of the payee. 4 *Mass.* 276; 6 *Watts & S.* 190; 1 *Bush* 474; 8 *Watts* 384; 10 *Id.* 148. Whether payment by a surety is purchase or extinguishment, is a question of intention, the latter being presumed.

*Freem. Judg.*, § 470. The rule should be the same under the act of 1849. The facts here show an intention by the surety to extinguish. Moreover, the plaintiff is barred by lapse of time. But the entry of satisfaction, in ignorance, by Baird, of Kinard's payment, destroys the judgment. If plaintiff had any rights under this judgment, he should have ordered a levy and sale, and not brought this action.

February 18th, 1884. The opinion of the court was delivered by.

MR. JUSTICE McGOWAN. The facts of this case are somewhat obscure, but, as far as can be gathered from the brief, they are as follows:

On October 6th, 1856, Elijah P. Lake, as ordinary of Newberry county, offered for sale a land warrant, issued by the United States government to one John Jones, then deceased. Spencer P. Baird bid it off at the price of $125, for which he gave his bond to the said ordinary in the penal sum of $250, with John P. Kinard and James S. Piester as his sureties. On February 22d, 1858, the said Baird confessed judgment to Lake, ordinary, for the whole penalty of the bond, and execution was regularly issued thereon. On April 12th, 1859, John P. Kinard, one of the sureties on the bond, secured by the judgment against Baird, paid to Lake his share of the same, viz., $74.10, and took from Lake a receipt, but did not take an actual assignment of the judgment and execution against Baird to the extent of the payment. This action was brought by Kinard against Baird to be subrogated to the rights of Lake in the judgment against Baird to the amount paid as surety, and to that extent to revive the said judgment.

The defense was three-fold, and, to prevent confusion, we will state the matters separately. First. That the bond given to the ordinary was without consideration, and not recoverable at law, and the payment of the surety was voluntary. It seems that after Baird purchased the warrant and gave his bond, as stated, he transferred it to one D. F. Jones, who soon discovered that it was void, having been issued to the grantee, John Jones, after his death. Upon this discovery, he did not go back upon his

vendor, Baird, but applied to Lake, the ordinary, for rescission, who received back the worthless warrant, and, instead of canceling Baird's bond, paid himself to D. F. Jones (June 16th, 1859,) the amount for which the warrant had sold. Neither Baird nor Kinard knew of this transaction between D. F. Jones and the ordinary, or that the warrant was worthless, until lately, when this action was brought. Second. But if the bond was recoverable, and Baird bound by his confession of judgment, the plaintiff Kinard cannot be subrogated to the rights of Lake, the plaintiff in execution, for the reason that in some settlement with Baird, in the year 1869, the said Lake, in his individual capacity, made the following entry in the case on the sheriff's books: "I hereby acknowledge that I have received full satisfaction of debt, interest and costs, February 8th, 1869," signed, E. P. Lake. Third. The defendant also submitted, that the claim was barred by lapse of time and the statute of limitations.

The Circuit judge dismissed the complaint, and the plaintiff appeals to this court upon the following exceptions: "Because his Honor erred in ruling (1) That the plaintiff's cause of action was barred by the statute of limitations. (2) That the bond and confession of judgment of the defendant, not having been assigned to the plaintiff, the statute of limitations began to run against him on April 12th, 1859. (3) That the plaintiff could not recover, because of the entry of satisfaction, on February 8th, 1869, in the sheriff's execution book by E. P. Lake, in consideration of the conveyance to him by the defendant, Baird, of a tract of land. (4) That the said confession of judgment was satisfied as against the plaintiff herein. (5) That the payment to E. P. Lake would relieve the defendant of his liability to re-imburse plaintiff, as surety," &c.

It is not expressly stated, but we suppose that when Baird transferred the warrant to D. F. Jones, he received from him payment for the same. The whole transaction is unintelligible upon any other hypothesis. It could only be in this view that Jones received back the purchase-money from the ordinary, Lake. If, in the transfer, Jones had merely assumed Baird's bid, and taken his place on the bond, the simplest adjustment of the matter would have been to return the warrant and have the bond

canceled, thereby relieving both Baird and his sureties. But, in the view that Baird received value for the property, and the ordinary made Jones whole, the bond was recoverable for his benefit, and the judgment a good and valid lien against Baird. In part payment of this judgment, Kinard, one of the sureties on the bond secured by it, on April 12th, 1859, paid Lake $74.50, and the question is, whether he is entitled to the use of that judgment for the purpose of recovery from Baird the money so paid as surety.

There is no doubt that the payment, in ignorance of any defense to the bond, even if there had existed one, made Baird liable to Kinard for the amount so paid. *Stinson* v. *Brennan*, *Cheves* 16. It is replied to this, that as a simple contract debt for money paid, it would now be barred by the statute of limitations. That may be so, but, as the debt was in judgment against the principal, has not Kinard the right to be subrogated to all the rights of Lake in the judgment to the extent of the money paid by him? It seems to us that he has that right, and, although there was no actual assignment by Lake at the time of the payment, for which Kinard took his simple receipt, that he became thereby, *ipso facto*, the owner of the judgment to the extent of the money paid by him as surety, which right Lake, having knowledge of the payment made to himself, could not ignore or disregard.

Without going into the learning upon the subject of the nature and extent of the right of subrogation as a purely equitable doctrine, we think there can be no doubt as to the rights of a surety who has paid money for his principal on a debt in judgment against him, the said principal, since the act of 1849, which declares in terms, that "the payment by a surety of a debt secured by judgment or decree, shall not operate as a satisfaction of such judgment or decree against the principal debtor, but by such payment the said surety shall be entitled to all the rights and privileges of the plaintiff in such judgment or decree," &c. *Gen. Stat.*, § 2180. It may be that this act was intended to provide for the case where a joint judgment was recovered against both principal and surety, and it was paid by the latter, but its terms are broad enough to embrace all sureties who come within its reason and spirit. See the case of *Wilson* v. *Wright*, 7 *Rich.* 400, in which

it was held that the terms of the act are large enough to cover the case of an indorser paying a debt which was in judgment against the drawer. The act was intended to dispense with the necessity of assignment, and we think Kinard became the equitable owner of the judgment and execution to the extent of the payment made by him on the day it was made.

It is true that a judgment may be presumed to be paid in twenty years, but that presumption is one of fact, and may be rebutted by circumstances going to show that the defendant in execution, within the time, made acknowledgments, by payments or otherwise, that the judgment was a subsisting and valid lien— such acknowledgments operating to give a new starting point for the commencement of the time from which payment is presumed. This point seems not to have been considered by the Circuit judge, who ruled that the lapse of twenty years was an absolute bar. The plaintiff had the right to be heard on that subject, and the case must go back for that purpose.

It was further opposed, that the plaintiff, Kinard, can have no benefit from the judgment and execution, for the reason that Lake, the plaintiff, entered satisfaction in full upon the execution in 1869, after he had ceased to be ordinary. We incline to think that he had no right to enter satisfaction on so much of the execution as at that time, to his knowledge, belonged to Kinard, the plaintiff in this action. But Lake is not before the court, and we will not now consider that point.

The judgment of this court is that the judgment of the Circuit Court be set aside, and the case remanded for a new trial, with leave to the plaintiff, if so advised, to amend his complaint by making E. P. Lake, or his legal representative, a party defendant, with proper prayers that the entry of satisfaction on the execution of Lake, ordinary, against S. P. Baird may be set aside, and the said judgment revived against the defendant, Baird, to the extent of $70.49 and the interest thereon.